IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ALBANO, on behalf of himself and all others similarly situated,

            Plaintiff,

- against -

VAN BUREN TRUCK SALES CORP., d/b/a VAN BUREN BUICK GMC,

           Defendant.
------------------------------------------------------------X

Case No.: 23 Civ. 3545

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Anthony Albano, on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant Van Buren Truck Sales Corp d/b/a Van Buren Buick GMC, and alleges as follows for his Complaint:

## INTRODUCTION

1. Plaintiff Anthony Albano was employed by Defendant Van Buren Truck Sales Corp. as a "Manual Worker" as defined by New York Labor Law ("NYLL") § 190(4), having worked for Defendant in New York as an auto parts delivery driver.

2. Defendant operates a new and used car dealership located at 2257 Jericho Turnpike, Garden City Park, New York 11040.

3. Defendant paid Plaintiff and other Manual Workers on a biweekly basis.

4. As a result, Defendant violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a), and the requirement that employees "be paid on the regular pay day" under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq*, (*see* 29 CFR § 778.106).

5. Plaintiff brings the First and Second Causes of Action under the FLSA § 216(b) and NYLL § 198, respectively, for liquidated damages and interest, arising from Defendant's violation of the FLSA and NYLL § 191.

6. Because Plaintiff and his co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join in this action, Plaintiff, seeks certification of this matter as a collective action and leave to notify the "FLSA Collective," defined as follows:

> All employees working in the State of New York for Defendant as Manual Workers, at any time in the three years prior to the filing of this Complaint.

7. Because the harm suffered by Plaintiff and his co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers during the time period from six years prior to the filing of the complaint until the date of judgment in this action.

## JURISDICTION & VENUE

8. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

10. This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

*Plaintiff Anthony Albano*

11. Albano is a resident of Nassau County, New York.

12. Albano worked for Defendant from about October 2021 through July 2022.

13. Albano worked as an auto parts delivery driver.

14. At all times relevant, Albano was an "employee" as defined by 29 U.S.C. § 203(e)(1).

15. At all times relevant, Albano was an "employee" as defined by NYLL §§ 190(2), 651(5).

16. Most of Albano's time was spent performing physical labor. Albano's duties included retrieving auto parts from stock, carrying auto parts, loading and unloading auto parts into a vehicle, and driving.

17. At all times relevant to the Complaint, Albano was a "manual worker" within the meaning of NYLL § 190(4).

18. Albano's primary duties as a delivery driver were non-clerical, non-managerial, and not related to sales.

19. As a result, Albano was a "manual worker" under NYLL § 190(4).

20. Albano was entitled to payment of his wages within seven calendar days after the end of the workweek, as per NYLL §191(1)(a).

21. Throughout his employment, however, Defendant paid Albano every two weeks.

22. Albano received each biweekly payment approximately 6 days after the end of the biweekly period. Thus, payment for the first week in each two-week period would arrive approximately 13 days after the end of the week.

23. Albano has expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* ECF No. 1.

***Defendant Van Buren Truck Sales Corp.***

24. Upon information and belief, Defendant was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

25. Defendant's principal place of business is located at 2257 Jericho Turnpike, Garden City Park, New York 11040.

26. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law §§ 190(3), 651(6).

27. At all times hereinafter mentioned, the activities of Defendant constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

28. Upon information and belief, Defendant maintains control, oversight, and direction over its operations and employment practices.

29. At all times hereinafter mentioned, Defendant employed employees who regularly engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

30. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## THE FLSA COLLECTIVE ACTION

31. Plaintiff seeks to proceed as a collective action with regards to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the FLSA Collectives.

32. Defendant provides car service and repairs, including oil changes, tune-ups, engine rebuilds, and tire and parts replacement.

33. At any given time, Defendant employs "Manual Workers" as part of its auto service and repair business. Defendant's Manual Workers include Delivery Drivers, like Plaintiff, and other titles such as: Service Technician; Mechanic; Mechanic's Helper; Prep Specialist; and, Parts Department employee.

34. As a result, upon information and belief, there are approximately more than 40 current and former similarly situated employees in the FLSA Collective.

35. Plaintiff represents other employees and is acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

36. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collectives, who have been unlawfully deprived of minimum wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on his behalf and as a class action, pursuant Rule 23(a) and (b).

38. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

39. Upon information and belief, the size of the Class exceeds 40.

40. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of Class, including but not limited to:

    a. whether Defendant failed to pay timely wages to Plaintiff and the Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a);

    b. whether Defendant acted in good faith when failing to pay Plaintiff and the Class timely; and

    c. the nature and extent of class-wide injury and the measure of damages for those injuries.

41. Plaintiff will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class.

42. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

43. Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

44. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

46. Plaintiff's job duties and manner of payment are typical of those of the Class.

47. That is, Plaintiff and the Class were Manual Workers. They spent over 25% of their working time on physical labor such as: conducting auto repairs; driving; carrying, lifting, or

otherwise moving materials, supplies, and equipment; and remaining on their feet to complete their duties.

48. Plaintiff and the Class were paid every other week.

49. Defendant applied their biweekly payment policy to the Class uniformly.

50. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendant's operations in New York.

51. Plaintiff and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

52. Plaintiff and the Class were uniformly deprived of the ability to use – i.e., spend, invest, or save – their earned wages during periods in which payment was illegally delayed.

53. Plaintiff and the Class lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

54. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

55. Plaintiff and the Class were denied wages amounting to at least the minimum wage times their hours worked for the duration of the illegal delay.

56. Plaintiff and the Class were denied their federally mandated overtime wages for the duration of the illegal delay.

57. Defendant was able to pay all minimum wages and overtime wages due on a weekly basis.

58. Defendant was able to and did pay Plaintiff and the Class all minimum wages and overtime wages due within the statutorily required period as it relates to the second workweek of each pay period, but refused to do so for the first workweek.

59. Defendant did not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages biweekly.

60. The State of New York has required certain businesses to pay their manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and every employee engaged in its business, the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y. Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

61. A reasonable employer inquiring into the wage payment rules of New York would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Quests flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dept. 2019).

62. Upon information and belief, Defendant does not qualify for the exemption from the NYLL's weekly payment requirement because they do not employ over 1,000 in the state of New York.

63. Upon information and belief, Defendant did not apply for the exemption.

64. The New York State Department of Labor has not authorized Defendant to pay its employees on a biweekly basis.

65. Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiff and Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiff and the Class Members were paid in compliance with the NYLL's timely payment requirements.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FIRST CAUSE OF ACTION
### FLSA – Failure to Pay Timely Wages
### (On behalf of Plaintiff and the FLSA Collective)

67. Plaintiff incorporates by reference all preceding allegations.

68. Plaintiff and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

69. Defendant, however, withheld Plaintiff and the FLSA Collective's federally mandated wages for about 13 days after the conclusion of the workweek.

70. This delay was pursuant to a companywide policy and practice to pay Defendant's employees on a biweekly basis.

71. Such a delay is inherently unreasonable, as Defendant was required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

72. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

73. Defendant had the means to pay Plaintiff and the FLSA Collective within one week of the end of the workweek but chose not to.

74. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Untimely Payment of Wages
### (On behalf of Plaintiff and the Class)

76. Plaintiff incorporates by reference all preceding allegations.

77. Defendant failed to pay Plaintiff and the Class within seven days after the end of each workweek as required by NYLL § 191(1)(a).

78. Defendant has not employed over 1,000 individuals in the State of New York for one or more consecutives years.

79. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

80. Defendant does not possess a good faith basis for believing that its delayed payment of wages complied with the law.

81. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff and the Class are owed liquidated damages amounting to the value of any late-paid wages during the six years prior to the filing of this complaint, interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Certification of this case as a Class Action under Rule 23;

C. Appointment of Plaintiff as the Class Representative;

D. Appointment of Kessler Matura P.C. as Class Counsel;

E. Liquidated damages;

F. Attorney's fees and costs of the action;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. A declaratory judgment that the practices complained of are unlawful; and

I. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
May 11, 2023

Respectfully submitted,

By: /s/ *Troy l. Kessler*
    Troy L. Kessler

**KESSLER MATURA P.C.**
Troy L. Kessler
Garrett Kaske

11

                              Benjamin A. Goldstein
                              534 Broadhollow Road, Suite 275
                              Melville, NY 11747
                              Phone: (631) 499-9100
                              Fax: (631) 499-9120
                              tkessler@kesslermatura.com
                              gkaske@kesslermatura.com
                              bgoldstein@kesslermatura.com

                              ***Attorneys for Plaintiff and***
                              ***the Putative Class and Collective Actions***

# Exhibit A

## CONSENT TO JOIN

1. I consent to be a party plaintiff in a lawsuit against my former employer, Van Buren Truck Sales Corp., and related entities for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law.

2. During the past three years, there were workweeks in which I was not paid in accordance with the requirement that employees be paid on the regular pay day under the Fair Labor Standard Act.

3. I designate Kessler Matura P.C. to represent me in this case and to act on my behalf in all matters relating to this action, including any settlement of my claims.

4. I also consent to join any separate or subsequent action to assert my claims against my former employer and related entities potentially liable.

5/10/2023

Date

DocuSigned by:

*Anthony Albano*

D9EBFFB51B704ED...

Signature

Anthony Albano

Print Name